UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. WERNIMONT,

        Plaintiff,                          Case No. 1:13-cv-937

v.                                           HON. JANET T. NEFF

THE PRUDENTIAL INS. CO. OF AMERICA,

        Defendant.
_____/

**OPINION**

Pending before the Court in this breach of contract case is Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Dkt 35). Plaintiff filed a response (Dkt 37), and Defendant filed a reply (Dkt 38). Having reviewed the parties' written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. See W.D. Mich. LCivR 7.2(d). For the reasons discussed herein, the Court denies Defendant's motion.

**I. BACKGROUND**

This case arises from Plaintiff's February 6, 2007 car accident (Dkt 22, Amend. Compl. ¶ 7). Plaintiff, who worked in trust and estate administration and taxation, suffered a head injury and alleges that he lost his ability to focus and concentrate after the accident (*id.* ¶¶ 15-16). According to Plaintiff, he became disabled and ceased working due to his disability on August 31, 2008 (Def.'s Ex. A., Group Disability Ins. Employee Statement, Dkt 36-1 at 2).

On March 23, 2009, Plaintiff made a claim for long-term disability benefits under a group insurance contract issued by Defendant to the American Institute of Certified Public Accountants

insurance trust (AICPA) ("the policy") (Dkt 22, Amend. Compl. ¶ 9).[1]  On May 12, 2009, Defendant notified Plaintiff that his request for benefits was denied (*id.* ¶ 10).  Plaintiff alleges that he appealed "several times, with additional medical documentation being added each time," but Defendant continued to deny coverage (*id.* ¶11).  Plaintiff indicates that his "latest appeal" was denied on July 26, 2013 (*id.* ¶ 12).  Plaintiff expects his disability to continue "indefinitely" (*id.* ¶ 23).

Plaintiff initiated this action on August 27, 2013.  His December 3, 2013 Amended Complaint alleges Breach of Contract (Count I), based on "Defendant's refusal to pay long-term benefits ... contrary to its contractual obligations" (Dkt 22, Amend. Compl. ¶¶ 13, 28).  Plaintiff seeks a declaratory judgment in his favor (Count II).  Plaintiff invokes both diversity jurisdiction and federal-question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461 (*id.* ¶¶ 3-4).  Defendant did not file an Answer to the Amended Complaint, instead filing the instant motion to dismiss (Dkt 35), which is ripe for decision.

## II. DISCUSSION

### A. Motion Standard

Defendant moves to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff has failed to state a claim upon which relief can be granted where the action was filed outside the limitations period provided for by the policy.  In deciding whether to dismiss a claim under Rule 12(b)(6), a court must accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  In addition to the allegations and

---

[1] The Amended Complaint mistakenly indicates that "Defendant [sic] made a claim for long-term disability benefits."

exhibits of the complaint, a court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

To survive dismissal, the complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Whether contract language is ambiguous is a question of law. *Aidamark, Inc. v. Roll Forming Corp.*, 580 F. App'x 408, 414 (6th Cir. 2014) (citing *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 780 (Mich. 2003)); *Farm Bureau Mut. Ins. Co. of Michigan v. Nikkel*, 596 N.W.2d 915, 918 (Mich. 1999). The determination that a complaint was filed outside of the applicable limitations period is also a conclusion of law. *CMACO Auto. Sys., Inc. v. Wanxiang America Corp.*, 589 F.3d 235, 242 (6th Cir. 2009).

**B. Analysis**

ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits; therefore, courts usually borrow the most closely analogous state limitations period. *See Meade v. Pension Appeals & Rev. Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992). Choosing which statute to borrow is unnecessary where, as here, the parties have contractually

agreed on a limitations period and do not dispute that the limitations period is "reasonable." *See*

*Medical Mut. of Ohio v. k. Amalia Enter. Inc.*, 548 F.3d 383, 390 (6th Cir. 2008).[2]

The policy in this case includes the following two provisions that are relevant to resolving the limitations question Defendant presents for review:

> **CLAIM RULES**
>
> These rules apply to payment of benefits under a Coverage when the Coverage states that they do.
>
> * * *
>
> **Proof of Loss:** Prudential must be given written proof of the loss for which claim is made under the Coverage. This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the date of the loss, except that if the Coverage is Participant Long Term Disability Coverage, both of these time limits must be met:
>
> > (1) Initial proof of loss must be furnished within 90 days after the end of the first month following the Elimination Period.
> >
> > (2) Proof for each later month of continuing loss must be furnished within 90 days after the end of that month.
>
> * * *
>
> **Legal Action:** No action at law or in equity shall be brought to recover on the Group Contract until 60 days after the written proof described above is furnished. No such action shall be brought more than three years after the end of the time within which proof of loss is required.

(Ex. A to Amend. Compl., Dkt 22-1 at 19, 21).

---

[2]The parties dispute whether ERISA applies to the policy, but the dispute is not outcome-determinative to either the limitations issue presented in Defendant's motion or this Court's exercise of jurisdiction over this case.

"Coverage," in turn, is defined in the policy in the following manner:

**Coverage**: A part of the Booklet consisting of:

(1)  A benefit page labeled as a Coverage in its title.

(2)  Any page or pages that continue the same kind of benefits.

(3)  A Schedule of Benefits entry and other benefit pages or forms that by their terms apply to that kind of benefits.

(Ex. A to Amend. Compl., Dkt 22-1 at 19).

Defendant argues that this Court should dismiss Plaintiff's Amended Complaint with prejudice because Plaintiff did not timely file suit under the parties' contractual limitations provision (Dkt 36 at 2). According to Defendant, the policy required Plaintiff to file suit within three years "after the deadline for submitting his proof of loss," and therefore proof of loss was due no later than June 29, 2009 (*id.*). Defendant asserts that Plaintiff must have sued by June 29, 2012, and that his August 27, 2013 complaint was therefore untimely filed (*id.*). According to Defendant, Plaintiff's contrary construction of the policy provisions fails because it (1) "impermissibly nullifies a policy provision (the limitation period)" and (2) "misreads the continuing proof of loss provisions" (*id.* at 5).

Defendant also argues that there is no justification for tolling the policy's limitations period while Plaintiff was appealing the denial of his claim where (1) there was no requirement that Plaintiff exhaust his administrative remedies prior to filing suit, and (2) Plaintiff has exhibited a lack of diligence (Dkt 36 at 6-7). Regarding the purported lack of diligence on Plaintiff's part, Defendant opines that "this is simply a routine claim for insurance benefit[s] that have been denied" and points out that Plaintiff filed a suit for benefits against another insurance company, premised on the same

alleged disability as is at issue here, demonstrating that he was "fully capable" of bringing suit regarding his alleged disability at that time (*id.* at 7).

Plaintiff responds that Defendant's limitations argument is flawed in several ways. First, Plaintiff argues that contrary to Defendant's claim, there is no "plain, simple policy language" upon which to base the conclusion that his claim in this case is stale (Dkt 37 at 7). Referencing the confusing definition of "coverage," Plaintiff asserts that the claim rules do not apply since a "Coverage" never says they do (*id.* at 8). Alternatively, regarding the Proof of Loss claim rule, Plaintiff argues that the "'end of time within which proof of loss is required' has not yet come to pass and no deadline has thus accrued" (*id.* at 9). Plaintiff points out that he timely submitted his initial proof of loss and has continued to periodically submit letters in support of his continuing proof of loss (*id.* at 8-9). Last, Plaintiff argues that Defendant has no legitimate argument that he did not diligently pursue his rights where he filed suit only four weeks after the administrative record was closed (*id.* at 16). Plaintiff concludes that the limitations provision in this policy, "surrounded by ambiguous language and attended by actions by Defendant indicating an intent to continue the administrative process," is clearly unenforceable (*id.* at 19).

Under Michigan law, "contracts must be construed consistent with common sense and in a manner that avoids absurd results." *Certified Restoration Dry Cleaning v. Tenke Corp.*, 511 F.3d 535, 545 (6th Cir. 2007) (quoting *Kellogg Co. v. Sabhlok*, 471 F.3d 629, 636 (6th Cir. 2006) (citing *Parrish v. Paul Revere Life Ins. Co.*, 302 N.W.2d 332, 333 (Mich. Ct. App. 1981)). "A contract is ambiguous 'if its words may reasonably be understood in different ways.'" *Id.* at 544 (quoting *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 414 (Mich. Ct. App. 1998) (quoting *Raska v. Farm Bureau Ins. Co.*, 314 N.W.2d 440, 440 (Mich. 1982)). "In other words, a

'contract is ambiguous when its provisions are capable of conflicting interpretations.'" *Id.* (quoting *Klapp v. United Ins. Group Agency, Inc.*, 663 N.W.2d 447, 453 (Mich. 2003)).

"'[A]ny ambiguity will be construed liberally in favor of the insured and strictly against the insurer,' because 'an insurer has a duty to express clearly the limitations in its policy.'" *Pollett v. Rinker Materials Corp.*, 477 F.3d 376, 382 (6th Cir. 2007) (quoting *Regents of Univ. of Michigan v. Employees of Agency Rent-A-Car Hosp. Ass'n*, 122 F.3d 336, 339 (6th Cir. 1997)). "Michigan law is clear that '[t]he burden of demonstrating the validity of the agreement is on the party seeking enforcement.'" *Certified Restoration*, 511 F.3d at 546, n.2 (quoting *Coates v. Bastian Bros., Inc.*, 741 N.W.2d 539, 545 (Mich. Ct. App. 2007)).

The Court agrees that Defendant's arguments do not demonstrate that dismissal of the Amended Complaint is warranted. The claim rule entitled "Legal Action," excerpted *supra*, indicates that no action shall be brought "more than three years after the end of the time within which proof of loss is required." However, "the time within which proof of loss is required" is, at best, ambiguous, as applied to the facts in this case.

Specifically, the claim rule entitled "Proof of Loss" indicates that where the coverage is Participant Long Term Disability coverage, as here, then two time limits must *"both"* be met, to wit: the time limit governing the "initial proof of loss" and the time governing "proof for each later month of continuing loss." Here, where Plaintiff's loss is "continuing" and where Plaintiff has purportedly not yet reached the "last month" of his loss, the claim rule is unclear as to when the time limit ends. Consequently, "the time within which proof of loss is required" is concomitantly unclear.

7

Defendant asserts that the second time limit, the continuing loss provision, is "inapplicable" because "Plaintiff never proved his loss" (Dkt 36 at 5), but that assertion is not expressly supported by the policy language. The "Proof of Loss" provision requires that "both" the initial proof of loss and continuing proof of loss be furnished to trigger the "end of the time within which proof of loss is required" referenced in the "Legal Action" provision. Therefore, Plaintiff's reading of the contractual provisions, which would require proof of loss initially and subsequently for continuing losses, is a fair reading. Indeed, the parties' arguments at bar only serve to buttress the conclusion that the relevant provisions are reasonably susceptible to two different meanings.

In sum, the Court holds that Defendant has not demonstrated that Plaintiff's action was filed outside the limitations period provided for by the policy. Accordingly, it is unnecessary for the Court to determine whether the interests of justice require equitable tolling of the limitations period.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss (Dkt 35). An Order consistent with this Opinion will enter.

DATED: January 26, 2015            /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge